**Carlos Enrique CASTRO–QUINTERO,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

**No. 05–4924–ag.**

United States Court of Appeals,
Second Circuit.

June 23, 2006.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Orelia E. Merchant, Assistant United States Attorneys, of Counsel, Brooklyn, New York, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Castro–Quintero, a native and resident of Colombia, appeals from the BIA's order affirming Immigration Judge ("IJ") Michael Straus's order denying his application for asylum, withholding of removal and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

The BIA's and IJ's determination that Castro–Quintero did not meet his burden of proof is reasonable. The BIA and IJ both determined that there was no evidence in the record to show that Castro–Quintero possessed any political opinion or that the people threatening him were motivated by anything other than the desire to obtain his money. This finding is supported by substantial evidence in the record and undermines petitioner's asylum and withholding claims.

Castro–Quintero also claims that there were substantial grounds for believing he would be in danger of torture. The IJ determined that the threats faced by Castro–Quintero did not make him more likely than not to be tortured. While this is a difficult assessment to make, we must ultimately defer to the IJ's finding as to the risk of harm, as it is supported by substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is

76

VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).